## REEVES *vs.* CLARKE.

A justice's court possesses only a special, limited, and inferior jurisdiction. Its proceedings must, consequently, show such facts as constitute a case within its jurisdiction, or the law regards the whole as *coram non judice* and void.

If, therefore, the summons is, to answer an action for damages, and no written instrument, account, or bill of particulars, is filed, it cannot be presumed that the suit is on a matter of account; and the proceedings must be held void.

THIS was an appeal from a justice of the peace, determined in the Carroll Circuit Court, in October, 1841, before the Hon. JOSEPH M.

HOGE, one of the circuit judges.    Reeves sued Clarke, before a justice of the peace.   By the summons, the defendant was required " to answer the complaint of John Reeves, in a plea of damages."   It is stated, in the transcript of the record, that, on the 5th day of February, 1841, the return day of the summons, " both parties appeared, ready for trial."   And it also appears, that the justice made the following entry, on his docket: " Judgment against defendant, $6 00; justice's fees, $2 25; constable's fees, $5 35; witness' fees, $1 00.   Attest: Daniel Farmer, J. P."   And this—" application for an appeal; security given; appeal granted in due time.   Attest: Daniel Farmer, J. P."

This appeal was taken by Clarke, who filed his affidavit, and entered into a recognizance, with security.

Upon the appearance of the case in the Circuit Court, the plaintiff in error moved the Court to dismiss the appeal, as the record states, " for reasons in writing filed."   This motion was overruled; and the reasons, upon which it was predicated, if filed, were nowhere to be found in the transcript of the record, certified and returned with the writ of error.   A motion, on the part of the defendants, was then made, to quash the proceedings in the case, on the following grounds: 1st, That the defendant was summoned to answer the plaintiff in " a plea of damages.   2d, That the amount claimed is not shown.   3d, That the justice had no jurisdiction of the cause.   4th, That the amount of the plaintiff's demand was not endorsed, by the justice, on the summons.   And, 5th, That no bill of particulars, of his demand, was filed by the plaintiff with the justice, previous to the issuing of the summons.   But this motion was also overruled by the Court; and the plaintiff, saying nothing further, judgment was given that the defendant go hence, without day, and recover, of the plaintiff in error, " all costs by him, in his defence, in this behalf expended." The case came up by writ of error.

The case was argued here by *D. Walker*, for plaintiff in error, and *Blackburn*, contra.

*By the Court*, RINGO, C. J.   Several errors have been assigned, but the one most relied upon by the plaintiff, asserts that the case, as

Reeves *vs.* Clarke.

shown by the record, was not within the jurisdiction of a justice of the peace.

It has been settled, by the adjudications of this Court, that the jurisdiction of the justices of the peace, in this State, in civil cases, is expressly restricted and limited by the constitution, to matters of contract; and it cannot be extended to any other subject matter while the constitution remains unchanged. A justice's court is a court of the lowest grade known to our constitution and laws. It possesses only a special, limited, and inferior jurisdiction; and therefore, the proceedings therein, according to the principle almost universally admitted, must show or set forth such facts as constitute a case within its jurisdiction; otherwise, the law regards the whole proceeding as *coram non judice*, and absolutely void. In the present case, the plaintiff does not appear to have filed, with the justice of the peace, any instrument or writing purporting to have been executed by the defendant, nor any account or bill of particulars, as required by the *17th and 21st secs. of Ch. 87, of the Rev. St. Ark.;* nor does it in any manner appear that the proceeding is based upon a matter of account. Therefore, as the law does not presume any case or matter to be within a jurisdiction so inferior as that of a justice of the peace, we are bound to regard the proceedings of the justice as being *coram non judice*, and in every respect illegal and void. Consequently, upon the appeal therefrom to the Circuit Court, that Court could not thereby acquire any legal right to adjudicate the matter in controversy between the parties, and ought simply to have dismissed the case for the want of jurisdiction, without pronouncing any judgment whatever in favor of either party. We are, therefore, of the opinion that the Circuit Court erred in pronouncing judgment against the plaintiff in error for the costs of the defendant.

Judgment reversed.