Scott, J. The court below overruled the appellant’s motion for a new trial, which on exceptions is assigned for error. It is contended, by the appellees, that the presumption must be in favor of the judgment below, because, as it is urged, the bill of exceptions is not so explicit in its terms as to exclude the idea that more testimony than appears by it might not have been actually produced on the trial below. It first shows “ that the appellees, to support the issues on their part, read to the jury the three notes sued on:” then, “that the defendant, to establish payment of said notes, introduced,” &c., naming several witnesses, and detailing the testimony of each: then, “ no farther testimony being offered, plaintiff asked the following instructions,” &c., and concludes by praying “that this bill of exceptions containing all the facts of the case be signed,” &c. Taking it altogether, we are of the opinion that it as fully excludes the idea that any testimony was produced on the trial that does not appear in the bill of exceptions, as if the words had been used in its conclusion “ that the foregoing was all the testimony that was produced on the trial of this case.” Jordan vs. Adams, 2 Eng. R. 348. Upon looking into the record, it appears that the court below had jurisdiction of but one of the three demands sought to be recovered by the appellant, and that this amounted to the sum of $8 85 only, besides interest that had accrued on it; — it not appearing that either of the other two demands had been filed with the justice of the peace before whom the proceedings had been commenced. It is urged, however, that, inasmuch as the appellant had himself moved before the justice for the consolidation, and had both in that, and also in the circuit court pleaded to and defended this consolidated suit, it would be abhorrent to justice and common sense to permit bim now, in this court, to set up, as cause for reversal, the fact that these two demands had not been filed before the justice. However specious this may appear, the law seems clearly otherwise, as has been frequently declared by this court in the cases of Beeves vs. Clark, 5 Ark. 27. Anthony Ex aparte, ib. 358. Fowler vs. Pendleton, 1 Eng. 41. Levy vs. Shurman, ib. 182. Wilson vs. Mason et al., 3 Ark. 494; whereby it appears that, on the trial of appeals, the circuit court can claim no more enlarged jurisdiction than the justice had from whose court the case came up, and that universally the proceedings before the justice “ must show and set forth such facts as constitute a case within its jurisdiction, otherwise the law regards the whole proceeding as coram non judice, and absolutely void:” and that the previous filing of the demand, which is the foundation of the action, must not only appear in the proceedings of the justice as indispensable in cases where the defendant makes default, but also where he appears and defends. In this case, although the appellees lawfully demanded only the sum of $8 85, with the interest that accrued on that sum, the verdict and judgment are for the sum of $23 16, which should have been sufficient of itself to have induced the court below to have granted the motion for a new trial, and, to have refused, under such circumstances, was manifestly error. The first instruction given to the jury was not erroneous; nor was the refusal to give that, that was asked and refused, in the terms in which it was asked, inasmuch as the mere employment of any person to measure and pile the plank was not a delivery unless that person so employed had actually measured and piled the plank. But the other instruction given was manifestly much more calculated to mislead and bewilder the jury than enlighten them: because the doctrine of general agency, as presented in this instruction, had no sort of application to the case made by the testimony, and was, in this respect, so far as it'was concerned, abstract and mischievous. True it is’ that, if McKnight was the general agent of Thompson & Clements, and had also, by a work of supererogation, been clothed with special authority to receive the plank, a delivery to him would have been a delivery to them; but the terms of this instruction strongly implied that nothing short of a general agency, and also an additional special authority to receive the plank, would make a delivery to him a delivery to them; and such being its character it is difficult to conceive that it did not mislead the jury, especially when it is remembered that no instruction was given them as to what would, under the circumstances of this case as proven, amount to a delivery in point of law. For these errors, the judgment of the court below must be reversed, and the cause remanded to be proceeded in.