Mr. Chief Justice Johnson delivered the opinion of the Court. The justice before whom this cause was originally tried certified, in his transcript of the proceedings, that a note was filed in his office, on the 20th January, 1849, against C. D. Heflin and in favor of M. G. Owens; that a summons was issued and put into the hands of the constable, and which was made returnable on the 10th January, 1849, and that the $ame was duly returned. It is further recited, that, on the second Saturday in February, 1849, the day on which the trial was had, the plaintiff appeared, but that the defendant made default, and that a judgment was rendered against him. It is shown, affirmatively, by the record, that the summons was issued and returned ten days anterior to the filing of the instrument upon which the suit purports to have been founded. He has wholly failed to send up any instrument of evidence whatever, nor has he sent the summons or return. It is manifest, therefore, from all that has been exhibited before us, that no jurisdiction ever attached to the justice’s court over either the subject matter or the person of the defendant, and, as a necessary consequence, none could be rightfully exercised by the Circuit Court in virtue of the appeal. See Reeves vs. Clark, 5 Ark. 27. Anthony Ex parte, ib. 358. Pendleton vs. Fowler, 1 Eng. 41. Levy vs. Shurman, ib. 182. Latham vs. Jones, ib. 372. In order to remedy these apparent defects, the Legislature conceived it necessary to pass the act of 1846. The 183d section ■of that act provides that, “ la all cases of appeal from justices of the peace to the Circuit Court for trial de novo, the justice before whom the cause was tried may be required, whether in or out of office, to appear before such court upon motion of either party, and amend any defect or omission, either in form or substance, according to the right and truth of the case, in the proceedings had before him, not the fault or omission of either of the parties; so that no such appeal- shall be dismissed for want of jurisdiction, because of the fault or neglect of the justice to mark any paper filed, for any defect in the affidavit or recognizance for the appeal, or order granting the appeal, or any defective entry made, or informal judgment rendered by him.” By this section a mode is provided by which either party may have all such facts supplied as actually transpired before the justice, and if, when the amendment is made, the transcript shall disclose sufficient matter to show jurisdiction over the subject matter and also of the parties, the plaintiff will be entitled to all such advantages as he would have had in case the jurisdiction had been complete upon the face of the transcript as it originally stoodin the Circuit Court. The justice, by amending the transcript so as to show jurisdiction, does not render a new judgment, but simply furnishes the evidence necessary to sustain and uphold the old one. The transcript, as it stands at present, showing no jurisdiction in the justice, the Circuit Court necessarily acquired none by the appeal. Under the state of facts as presented by the record, the Circuit Court could not have done otherwise than dismiss the case, or, more properly, strike it from the files; and the only error that it committed in doing so was, in rendering judgment for costs against the appellant. The appellee filed his motion to dismiss for the want of jurisdiction, and, before any disposition was made of his motion, the appellant moved for a rule upon the j ustice to come in and to amend his record so as to show jurisdiction, which motion was granted. In this attitude of the case, the Court, without any formal order setting aside the order for a rule, proceeded to render a judgment of dismissal and gave costs against the appellant. It does not appear what disposition was made of the rule which is said to have issued to the justice; yet, as no exception was taken to the action of the Court in respect of that matter, the legal presumption is that the appellant had the fall benefit of it, and that the justice could not perfect the record so as to show jurisdiction of the case. The judgment of the Dallas Circuit Court herein rendered for the error aforesaid is, therefore, reversed, and the cause remanded, with instructions to proceed therein according to law, and not inconsistent with this opinion. See Keath vs. Berkley & Wood, 2 Eng. 469.