Mr. Chief Justice Johnson delivered the opinion of the Court. The only question presented by the record is, whether the evidence warranted the verdict. The finding is conclusive upon every point, where any legitimate testimony was offered, from which the jury could have inferred the fact in issue, as no exception was taken during the trial. The fact of the warranty itself is not clearly made out, yet it is believed that the jury might possibly have inferred, from the testimony of the plaintiff’s daughter, that the declaration in regard to the soundness of the horse, was made during the same conversation that resulted in the sale. There is a palpable variance between the allegation and the proof. Not only must the promise, for the bi'each of which the action is brought, be truly stated, and proved as alleged, but the entire consideration for the promise must be set out, and if there be any material variance between the consideration as averred and the proof it will be fatal. See Brooks vs. Lowrie, 1 Natt. & McCord 342. Where an agent sold to A. in one lot and at an entire price, two horses, one belonging to B. and the other to C. warranting both to be sound, it was held that A. could not maintain assumpsit against B. for the unsoundness of the horse belonging to the latter, declaring as upon the sale of one horse, for the contract concerning the two horses was entire, and the whole consideration for the warranty was not set forth. See Symonds vs. Carr, 1 Camp. 361, note (a). And a declaration for the price of pine timber sold and delivered, is not supported by proof of a sale and delivery of spruce timber. Robins vs. Otis, 1 Pick. 368. So, if money paid is alleged to be the consideration of a promise, such allegation is not supported by evidence of payment after the promise was made. (Bender vs. Manning, 2 N. Hamp. 289.) The declaration is, that in consideration that the plaintiff would deliver to the defendant a certain mare, of great value, to wit: of the value of ninety dollars, and also a certain yoke of oxen, of great value, to wit: of the value of forty-five dollars, and would also pay to said defendant the sum of sixty-five dollars in exchange for a certain sorrel stable horse, he the said defendant undertook and faithfully promised the said plaintiff that the said stable horse was then and there sound. He then avers that confiding in said promise and undertaking he did deliver the property specified and also paid the money. The proof is that the defendant admitted that he got a mare and a yoke of oxen from the plaintiff, that the mare had the fistula and was worth about ten dollars; the witness testified that when he saw the oxen, one was dead and the other had two balls in him; and that if the oxen had been sound and in good health, they would have been worth twenty-five or thirty dollars, and he further testified that he heard the defendant say, he had plaintiff’s note for sixty or sixty-five dollars payable two years after date. If proof of payment after the promise is uot sufficient to support an allegation of money paid at the time of the contract, as held in the case of Bender vs. Maning, 2 N. Hamp. 289, for a much stronger reason would not proof of the mere execution of a note for the amount specified not support such allegation. The proof utterly fails to support any part of the consideration as averred in the declaration, and consequently there is a fatal variance. This being the case the circuit court ought to have granted a new trial. The judgment .of the circuit court of Johnson county herein rendered is therefore reversed for the error aforesaid, and the cause remanded with instructions to proceed therein according to law, and not inconsistent with this opinion.