## ROBINSON VS. MACE.

The law requires much strictness in pleas of set-off, and the plea should contain not only all the requisites essential to the validity of other pleas in bar, but must describe the debt intended to be set-off with the same certainty, as in a declaration; and so, must aver that the debt set-off was a subsisting demand, not only at the commencement of the action, but at the time of plea pleaded.

A witness has such a direct interest in the event of a suit, as will disqualify him, if the record would be the instrument of securing to him some advantage in a future proceeding; as where he is called to prove the value of work done by the plaintiff for defendant, and discloses that he was employed by plaintiff to assist him in such work, and was to receive one-half of the sum paid by defendant.

Where a party enters into a contract to make and burn brick, he will be held to skill and diligence in the execution of his undertaking; and upon failure to make and burn the brick in a workmanlike manner, the damages may be recouped in an action by him for the value of the work and labor.

*Writ of Error to the Circuit Court of Prairie County.*

This was an action of *assumpsit* for $300, instituted by Mace against Robinson, for work and labor in making and burning brick, and determined in the Prairie Circuit Court, at the February Term, 1853, before the Hon. WILLIAM H. FEILD, Circuit Judge.

The defendant pleaded *non assumpsit* and *set-off* : the plea of set-off "alleged that, at and before the commencement of his said action plaintiff was indebted to the defendant in the sum of seventy-four dollars and eighty cents, a greater amount than he is indebted to said plaintiff." A demurrer to this plea was sustained. The defendant gave the plaintiff notice that on the trial of the cause, he would prove his set-off; but the notice was stricken from the files, because it was signed neither by the defendant nor his

attorney: a motion by defendant to amend the notice in this respect, was overruled and he excepted.

The defendant gave the plaintiff the following notice : "I shall introduce proof to show the character in which you contracted, and your contract to mould, set, and burn a kiln of an hundred thousand bricks for me in the summer and autumn of the year 1850, for the price of one dollar and fifty cents per thousand, and to show that care and skill were to be bestowed by you thereon, and that good bricks were to be made. Also, to show that there was neither care or skill used by you in the moulding, setting and burning of the kiln, you pretended to burn for me; that the said kiln did not contain one hundred thousand, but only seventy-nine thousand bricks, and that said bricks were worthless," &c.

The verdict and judgment being for the plaintiff, the defendant moved for a new trial, which was overruled and he excepted, setting out the testimony, which conduced to prove that the bricks were badly burned, and that but a small portion of the kiln was of good brick. The bill of exceptions states that the defendant asked the court to instruct the jury : " That if the jury believe, from the proof in the cause, that the plaintiff took charge of the job of brick-making, as brick mason, and head workman, for the purpose of making and burning a kiln of brick, the position he assumed, threw upon him, the duty of bestowing the skill and diligence necessary to the right construction and burning of the kiln. And in such case, if the defendant sustained damages by reason of the want of proper skill and diligence in the plaintiff, the damages sustained thereby on the part of defendant, may be deducted by the jury from the amount of the verdict that they may find for the plaintiff." This instruction, the court refused to give in charge to the jury, but charged the reverse. And the court, also, charged the jury, amongst other things, as follows : "That in this action they would consider all the evidence in the case, and if the plaintiff was entitled to recover, he was entitled to recover the full value of his services in this matter of brick making, and of this, the jury will judge from the evidence."

ENGLISH, for the plaintiff. It is submitted: 1st. That the court erred in admitting McKnight to testify; it appearing that the amount he was to receive of the plaintiff for his services, depended upon the amount which the plaintiff recovered from the defendant. He was, therefore, interested in enlarging the amount of recovery, or at least in a full recovery of wages for the plaintiff. 1 *Greenl. Ev.*, secs. 386 to 403.

2d. The court erred in refusing to charge the jury, as asked by Robinson: that he had a right to recoup any damages he may have sustained by reason of the want of skill or diligence, on the part of Mace, in making and burning the brick kiln, against the demand of Mace for wages. See *Ive vs. Epps*, 22 *Wend*. 155; *McAllister vs. Rob*, 4 *Wend*. 483; *S. C.* 8 *Wend*. 109; *Hill vs. Bannister*, 8 *Cow*. 31; *Battlerman vs. Peirce*, 3 *Hill* 171; *Van Epps vs. Harrison*, 5 *Hill* 63; *Wheat, use &c. vs. Dotson*, 7 *Eng*. 699.

Such damages could not be made the subject of set-off, and the modern doctrine is not to drive the defendant to a cross action. See authorities above cited.

BERTRAND, for the defendant.

Hon. THOMAS JOHNSON, Special Judge, delivered the opinion of the Court.

The points presented in this case, are brought before this court, by the motion for a new trial, filed in the court below by the plaintiff in error. The first that is considered material to determine, relates to the sustaining of the demurrer to the plea of set-off, interposed by the plaintiff. The plaintiff, upon filing his plea of set-off, sent out a notice to the defendant, to apprize him of the fact that he intended to introduce, upon the trial, evidence to establish his demands as set up in his plea. The court, upon the motion of the defendant in error, struck out the notice for the want of the signature of the plaintiff; and this is assigned for error. We do not conceive it necessary to investigate this

ground of objection, since it is in no way legitimately involved. A set-off may be given in evidence under the general issue, or pleaded in bar. But when it is intended to be insisted on in evidence, notice shall be given, at the time of pleading the general issue, of the demand so intended to be insisted upon, and upon what account the same became due. See *Dig.*, *p.* 938, *sec.* 4. The plaintiff has not confined himself to his notice, but pleaded specially his plea of set-off; and, consequently, if that plea were good with a legal notice, it would be equally so without it. The question then recurs as to the sufficiency of the plea, considered without reference to the notice. If two or more persons are mutually indebted to each other by judgments, bonds, bills, notes, bargains, promises, accounts, or the like, and one of them commence an action against the other, one debt may be set-off against the other, although such debt may be of a different nature. See *Dig.*, 937, *sec.* 1. There can be no doubt but that the matter set up in the plea, is such as may be offered by way of set-off, it being an actual subsisting indebtedness, and not a mere possibility and sounding in damages, which are wholly unliquidated. But there exists more doubt in relation to the form of the plea interposed in the present instance. The law requires much strictness in pleas of this nature, as they constitute a sort of new case brought for the first time by the defendant against the plaintiff; and, consequently, the party pleading takes upon himself all the responsibilities of one who, for the first time, puts the law in motion. He not only undertakes to defend against a claim preferred against him by the plaintiff, but he also attempts to thwart him in his recovery; and, in some instances, to recover against him by producing an entirely new case, and one that has no connection with the one sought to be enforced against him.

In point of form the plea of set off should not only contain all the requisites essential to the validity of other pleas in bar, but must describe the debt intended to be set-off, with the same certainty as in a declaration for the like demand. See *Chit. plead.*, *vol.* 1, *p.* 562. The plea under consideration, simply avers that

the plaintiff was indebted to him, the defendant, in the sum of seventy four dollars and eighty cents, at, and before the commencement of the suit, but is utterly silent as to whether it was due and owing or not, at the time of the plea pleaded. It most unquestionably would not suffice for a declaration simply to allege an indebtedness, at a time prior to the institution of the suit, and to remain silent as to the existence of that fact at that period. Pleading the plea of set-off is the first presentation of the claim of the defendant against the plaintiff, and if not due and owing at the time it is introduced, in contemplation of law it is utterly unfounded; and, consequently, affords no defence against the action. The demands set up by way of set-off, may have been due and owing from the plaintiff to the defendant at the time of the institution of the suit, and yet the last cent may have been paid and discharged before the filing of the plea. Indeed, this is the legal presumption, as he has failed to charge otherwise in his plea; it being a rule of law that the construction is to be taken most strongly against the party pleading, upon the supposition that he has made the most favorable case for himself that the circumstances would permit. We think it clear, therefore, that the plea was demurrable for this reason ; and that, consequently, the Circuit Court committed no error in sustaining the demurrer to it. It is also contended, that the court below erred in permitting the defendant in error to read a paper, purporting to be a bill of particulars, and a judgment of a justice of the peace, founded upon it, rendered in favor of the plaintiff and against the defendant. This was manifestly error, for there was no issue between the parties, under which the evidence could have been admissible. The plea of set-off under which the plaintiff proposed to introduce the bill of particulars, as appears from his notice, had been swept from under him by the demurrer; and, consequently, the defendant had no legal presumptions to rebut by introducing the judgment.

The next enquiry is, as to the competency of the witness, McKnight, to testify in behalf of the defendant. The objection was made at the trial, and overruled by the court. Where the inter-

est is of a doubtful nature, the objection goes to the credit and not to the competency of the witness. A party has such a direct and immediate interest in the event of a cause as will disqualify him, when the necessary legal consequence of a verdict will be to better his situation by either securing an advantage or repelling a loss: he must either be gainer or loser, by the event. A witness is also interested, if the record would be the instrument of securing to him some advantage, or of repelling some charge against him, or claim upon him, in a future proceeding. See *Stark. Ev.*, vol. 2, *p.* 747–8. The witness stated, upon his *voir dire*, that he first went to the defendant's to assist Mace in the business of brick-making, under an agreement with Mace, and for no certain wages; that he worked under that agreement about two weeks, when he and Mace changed it, so that he (witness) instead of wages for time, was to have the half of the amount to be paid from Robinson for the making of the brick. Here is an interest, that is direct and certain, and the record of the judgment, if for Mace, would most clearly have been an instrument by which an advantage would have been secured to the witness. He was to have the one-half the amount which Robinson should pay, and the object of introducing his testimony, was to fix and determine that amount. The court, therefore, erred in permitting him to testify in the cause.

We now come to consider of the last objection, which we conceive to be material, and that relates to the instruction of the court in reference to the question of skill and diligence. It appears, from the testimony of McKnight, that Mace, the defendant in error, bossed the job, and had charge of it as a brick-mason. It is questionable whether the term "brick-mason," is sufficiently comprehensive, properly and technically speaking, to embrace brick makers and brick burners: yet it is obvious, from the expression used, and the other evidence in the cause, that the defendant held himself out to the plaintiff as a man fully competent to make and burn brick; and, if so, the law is well settled that he will be held to skill and diligence in the execution of his undertaking. This

being the case, it follows, as a necessary consequence, that if he did not use such skill and diligence as were necessary to make the brick, and to set and burn them in a proper and workmanlike manner, he was guilty of a breach of the contract, on his part, and that he could be held liable in a cross action for damages commensurate with the injury thus sustained by the plaintiff. But he has not seen fit, on this occasion, to resort to his cross action; but, on the contrary, has introduced his proof, and claims, as a defence to the present action, that he has a right to recoup the damages which he may be entitled to for a breach of the stipulations on the part of the defendant. This he most clearly had a right to do. The damages claimed for a failure to exercise proper skill and diligence in the making and burning of the brick, are not sought to be recovered by way of set-off, but by way of recoupment. Recoupment differs from set-off, in two essential particulars: that is to say, in being confined to matters only arising out of and connected with the contract, upon which the suit is brought, and in having no regard to whether or not such matters be liquidated or unliquidated. See 7 *Eng. R.* 703; *Wheaton, use &. vs. Dotson.*

We entertain no doubt of the right of plaintiff in error to recoup any damages which he may have sustained, by reason of a breach of the contract concerning the making and burning of the bricks in question; and that, consequently, the court erred in otherwise instructing the jury. In respect to the propriety of striking out the notice for want of the signature of the plaintiff in error, or of his attorney, we will merely remark, that that was a matter of practice, and within the sound discretion of the Circuit Court, and as there is nothing indicating an unwarrantable or arbitrary exercise of that discretion, it cannot be regarded as error.

The bill of exceptions in this case, has been very inartificially framed, and has given the court much trouble and extreme labor, to ascertain the true position of the parties, and to apply legal principles to the facts therein presented. We are of opinion that error has intervened in the court below, and that the cause ought

to be, and is hereby reversed, and remanded to be proceeded in, according to law, and not inconsistent with this opinion, and that both parties have leave to amend their pleadings, if they shall desire to do so.

Before Mr. Justice WALKER, and Hon. THOMAS JOHNSON, Special Judge.

Mr. Ch. Justice ENGLISH not sitting in this cause.