## MOSS VS. THE STATE.

One of several defendants in an indictment, still pending against him for the same offence, is not a competent witness for his co-defendant.

This court will not set aside the verdict of a jury upon the *weight of evidence.* (14 *Ark.* 419; 13 *Ib.* 285, 236, 712; 7 *Eng.* 43.)

This court will presume in favor of the verdict and judgment, where the bill of exceptions fails to state that *all the evidence* is put upon the record. (2 *Eng.* 348; 3 *Ib.* 429; 4 *Ib.* 478.)

*Appeal from the Circuit Court of Prairie County.*

Hon. JOHN J. CLENDENIN, Circuit Judge.

WILLIAMS & WILLIAMS, for the appellant.

Mr. Attorney General, JORDAN, contra.

Mr. Justice HANLY delivered the opinion of the Court.

The appellant was indicted in the Circuit Court of Prairie county, at the February term, 1855, with George A. Eagle, William Whorton, and Michael N. Whorton, under the 8th section of the gaming act, (see *Digest, page* 367,) for playing at, and betting upon, with his co-defendants, a " certain unlawful game of cards, commonly called "*seven up*," within the county of Prairie.

At the August term, 1855, the defendant, (appellant) appeared in court, interposed his plea of " not guilty, " and was tried by a jury and convicted.

No exceptions were taken at the trial, to any ruling of the court.

The appellant moved for a new trial, setting out the following causes, *to wit :* 1st. " The court erred in refusing to permit the defendant, Moss, to introduce the said George A. Eagle, as a witness in his behalf, the said Eagle being indicted with the defendant, and not yet put upon his trial : 2d. The verdict of the jury is contrary to the law and evidence."

The court overruled the motion for a new trial, and the appellant excepted, setting out in his bill, his motion for a new trial as above, and the following facts, which are represented as having been deposed to at the trial.

*George Ewell,* a witness introduced by the State, testified, that some time within twelve months, previous to the finding of the indictment in this cause, he was at the *grocery* of Mansel Stone, in Prairie county, at night, and saw the defendant, (appellant) and the other defendants named in the indictment, playing a game of *seven up at cards.* One dollar was staked. Each one of the defendants bet twenty-five cents on the game, all of them playing and betting at the same time. That he, witness, thought, when he gave evidence before the grand jury in this case, that George A. Eagle, who is indicted in the same indictment with the appellant, Moss, was in said game, but since that time he had concluded from the "talk around," that he might be mistaken, but sup-

posed he, Eagle, was in the game, as stated before the grand jury. He was, however, not certain of this, but gives it as his present impression. He further stated, that this betting was done in Prairie county. Did not recollect to have seen Mansel Stone present when the game was going on.

The bill of exceptions states, that the appellee "closed her testimony in chief" when the above named witness had concluded his evidence as above, and that the appellant, Moss, then called *Mansel Stone* as a witness in his behalf, who testified; that, on on the night that the appellant, William and Michael N. Whorton, (who are included in the same indictment) were at his grocery playing cards, when the witness Ewell was there, he saw the playing; that he was in the house waiting on them, and saw *no money on the table, or bet by any of the parties*; that he had no person to attend to his house on that night, and attended to the business himself, and did not believe there was any money bet, but there might have been; that, at the time, and on the night alluded to, George A. Eagle was not in the game, nor was he in the house, or on the premises.

The bill of exceptions further states that the appellant "after the State had gotten through with all the evidence on the part of the prosecution," offered to introduce George A. Eagle, one of the defendants in the indictment in this case, as a witness in his behalf, which was objected to by the attorney for the appellee, and the objection was sustained by the court, and the said Eagle excluded as a witness for the appellant. To which ruling of the court, the bill of exceptions states, "the appellant excepted at the time," but which is not noted or mentioned on the minutes of the court, as shown by the transcript in this cause.

The bill of exceptions omits to state whether it contains all the evidence introduced at the trial.

The appellant, on his motion for a new trial being overruled as above, and his exceptions filed and made a part of the record in the cause, prayed an appeal to this court, which was granted, and he now asks to reverse the judgment of the court below: 1st.

22c

because Eagle was not allowed to testify in his behalf at the trial, and secondly, because the court would not grant him a new trial; averring that the verdict of the jury is contrary to law and evidence.

We will proceed to dispose of these assignments of error in the order in which they are respectively presented.

1. Was Eagle a competent witness for the appellant, under the facts and circumstances which we have stated? We hold he was not; for it appears to be a technical rule of evidence, and one well and firmly settled, that a party in the same suit or indictment cannot be a witness for his co-defendant, until he has been first acquitted, or at least convicted, and it seems, whether the defendants be tried jointly or separately does not vary or change the rule. It is, his being a party to the record that renders him incompetent, and the practice is, when nothing appears against one of the defendants, for the court to direct his immediate acquittal, so that the other defendants may use him as a witness. See 1 *Hale P. C.* 306 ; *Peake's Ev.*, 100, *note* ; 6 *Term Rep.* 623; *The People vs. Bill,* 10 *John's. Rep.* 95.

It follows, therefore, that the court below did not err in excluding Eagle as a witness for the defendant, he being charged in the indictment with appellant, with the same offence, and had not been tried and acquitted, or convicted at the time he was offered as a witness.

Our statutory provision, authorizing a severance of trial in criminal prosecutions, where two or more are included in the same indictment, and the ruling of this court in the case of *Calico & Drake vs. The State,* 4 *Ark. Rep.* 430, cited and relied on by the counsel for the appellant, do not, in our judgment, militate against the principles above stated. The reason of the rule of evidence, which we have stated, remains in its full vigor, notwithstanding the act and adjudication referred to.

The determination of this point brings us to the consideration and solution of the second and remaining one presented by the assignment of errors; that is to say, did the court below err in overruling the appellant's motion for a new trial?

2. Upon this point there can be no doubt. There were but two witnesses who testified at the trial—Ewell and Stone. The former made an affirmative statement of facts, which tended to prove, quite conclusively, that the appellant was guilty as charged. The testimony of Stone was of that negative character, which did not counterpoise that of Ewell. The jury were the exclusive judges of the credit due to the witnesses, from the peculiar circumstances developed by them when upon the stand. They had a perfect right to discredit the statements of Stone, and found their verdict upon those of Ewell; and neither the court below, nor this court could, legitimately, disturb their verdict. To do so, would be to violate a salutary, and it is to be hoped, a permanent rule of practice, both in civil and criminal causes; the rule in such case being, that a judgment may be reversed upon a motion for a new trial overruled, where there is a lack of evidence of some material matter necessary to uphold the verdict; but, because a verdict may appear to be against evidence, this court will not assume the power of dictating to juries that they must believe evidence against their own convictions of its truth. See *Miller vs. Ratliff*, 14 *Ark. Rep.* 419 ; *Mains vs. The State*, 13 *Ark. Rep.* 285 ; *Doghead Glory vs. The State, Ib.* 236 ; *Cameron vs. The State, Ib.* 712 ; *Floyd vs. The State*, 7 *Eng. Rep.* 43.

But independent of the foregoing considerations, this court would be compelled to sustain the verdict of the jury in this cause on another account. The transcript fails to state that the evidence embodied in the bill of exceptions was all the evidence adduced at the trial. The law in such case is, that it will be presumed that facts, without proof of which the verdict could not have been found, were proven at the trial without the record expressly negatives such facts. See *Best on Presumptions* 68 ; *Wharton's Amr. Cr. L.* 269 ; *Smith vs. Berry*, 1 *S. & M.* 321 ; *Pindor vs. Felts*, 2 *Ib.* 535; *Briggs vs. Clarke*, 7 *How. Rep.* 457; *Robinson vs. Francis, Ib.* 458 ; *Jordan vs. Adams*, 2 *Eng.* 348 ; *Taylor vs. Spears*, 3 *Ib.* 429 ; 4 *Ib.* 478.

In view of the whole case, we hold, therefore, that there is no error in the jugdment in the Prairie Circuit Court upon the entire transcript, and we accordingly affirm the judgment. Let the judgment be affirmed with costs.

Mr. Justice SCOTT, absent.