## McLure vs. Hart.

To an action upon a physician's bill for medical services rendered the slaves of the defendant, he offered to prove, under the plea of the general issue, that by the un-skilfulness of the plaintiff the slaves were lost to him: *Held,* That the defence of *recoupment* must be pleaded specially, or notice of the special matter given at the time the general issue is pleaded. (17 *Ark.* 270; *Ib.* 228; 16 *Ib.* 97; 7 *Ib.* 699.)
The verdict of the jury will not be set aside upon the weight of evidence.

*Appeal from the Circuit Court of Clark county.*

The Hon. ABNER A. STITH, Circuit Judge.

WATKINS & GALLAGHER for the appellant.

CUMMINS & GARLAND, for the appellee.

Mr. Justice HANLY, delivered the opinion of the Court.

This was an action of *assumpsit* brought by the appellee against the appellant, on a physician's bill for medical services rendered, commenced in the Clark Circuit Court: *non assumpsit,* and issue thereon: trial by a jury: verdict for appellee; motion for new trial made, setting out the following grounds:

1st. Court erred in excluding from the jury proper testimony offered by the defendant.

2d. In preventing the defendant from offering to the jury proper testimony.

3d. In preventing the defendant from proving such malfea-sance, or mal-practice on the part of the plaintiff, which would have shown him not entitled to any portion of the item of $100 charged in his bill of particulars.

4th. Because the verdict of the jury was contrary to law.

5th. Because the verdict was contrary to evidence.

Motion for new trial overruled: McLure excepted, and appealed, setting out in his bill of exceptions the testimony offered, and rejected by the Court, as well as the testimony given at the trial.

Entertaining the views that we do, upon the law of the case as we have stated it, we do not deem it necessary to state the evidence, but will content ourselves with simply stating the evidence proposed to be introduced by the appellant in the Court below.

The character of the evidence proposed to be offered, was to the effect, that the defendant so conducted himself as a physician in the treatment of the patients, being slaves and servants of the appellant, charged for in the case at bar, as by his unskilfulness, to cause them to be lost to the appellant, which, being objected to by the appellee, was overruled.

The question made in this Court is, whether, from the pleading, the testimony offered was competent and legitimate. We propose to consider and dispose of this, as being the only question really involved in the case.

It has become the settled rule of practice, that to authorize the defence of *recoupment*, such as was proposed by the proof in the case before us, the defendant should either plead the matter specially, or else, in a case like the one at bar, plead the general issue, and at the same time that plea is interposed, give notice of the special matter relied on by way of *recoupment;* to the end that the plaintiff may not be taken by surprise in the cause. See *Brunson vs. Martin,* 17 *Ark. Rep.* 270; *Desha's Exrs. vs. Robinson's adm., ib* 228; *Robinson vs. Mace,* 16 *Ark. Rep.* 97; *Wheat et al. vs. Dotson,* 7 *Eng. Rep.* 699.

In this case, the only plea interposed by the defendant, was the general issue, and no notice was given that the defence of *recoupment* would be relied on. We, therefore, hold, under the rule as settled, that the Court below acted rightly in not permitting the evidence proposed, to go to the jury, for the reason

that it is such evidence as could alone be competent under the defence of recoupment.

As to the other grounds for a new trial there can be no question but the Court below did not err in respect to them, for the evidence, though not entirely conclusive, is sufficiently so to sustain the verdict of the jury; or, in other words, the verdict is not wholly without evidence to sustain it: and without a total want of evidence this Court does not, under the general rule adopted on the subject, feel itself authorized to disturb the verdict of a jury. See *Butts vs. King et al.*, at the present term, and the cases there cited.

Discovering no error in the record, the judgment of the Clark Circuit Court in this cause is therefore in all things affirmed.

Absent, Mr. Chief Justice ENGLISH.