KENT *v.* GRAY, *Adm'r.*

PRACTICE.—A party cannot complain of an error, when error, if any, is in his favor.

Where the record recites, as part of the transcript of the justice, before whom the suit was brought, that a note was filed, this court is forced to take the record as true, the party not having taken the proper steps in the court below to contest it.

Where the record does not show that the court below was asked to rule upon the admissibility of evidence, this court is bound to presume in favor of the decision of the court below, whenever the record fails to clearly and affirmatively show that there was error.

*Appeal from Prairie Circuit Court.*

HON. JOHN WHYTOCK, Circuit Judge.

*J. W. Martin*, for appellant.

The note sued on does not show the amount, or when interest commences, whether from maturity or date, and is not such as is contemplated by *sec. 25, chap. 99, Gould's Dig. p. 657.*

It was wanting in one of the essential elements of a promissory note, which must be for a fixed and certain amount. *Story on Prom. Notes, sec. 19*, and citations.

The plaintiff is not without remedy on a mutilated note. See *Greenleaf Ev., sec. 566, et seq; Gould's Dig., chap, 99, sec. 26.*

Neither the justice's court or the circuit court, have jurisdiction, and the whole proceeding was *coram non judice.* *Reeves v. Clark, 5 Ark., 27; Anthony, Ex parte, 5 Ark., 358; Pendleton v. Fowler, 6 Ark., 41; Levy v. Shurman, ib., 182; Sutton v. Jones, ib., 271; Everett v. Clements, 9 id., 480; Butler v. Wilson, 10 ib., 316; Collins v. Woodruff, 9 ib., 463.*

The evidence was not sufficient to establish the claim. *Taylor v. Riggs, 1 Pet., 600; 1 Greenl. Ev., 566, et seq.*

There was no privity between the parties independently of

the special contract, and the common counts will not avail. *1 Chitty Pl'd, 373; Story on Prom. Notes, s· s. 104, 405; Black v. Zadesie, 3 How., 483; Costar v. Davies, 8 Ark., 217.*

*English, Gantt & English,* for appellee.

The issue was tried by the court, sitting as a jury, and finding for plaintiff, and motion for new trial overruled. No question of law was reserved at the trial, but this court is asked to review the finding of the court below. This court will not, as it has repeatedly held on such appeals, inquire into the weight of evidence, but will affirm the judgment, unless there was a total want of evidence to sustain the verdict. *Mayers v. State, 2 Eng., 174; Drennan v. Brown, 5 ib., 138; Spratt v. Vaughn, ib., 474; Hendrix v. Sharp, 13 Ark., 306; Allen v. Nordhamer, ib,, 339; Moss v. State, 17 Ark., 327.*

Admissions against interest are competent evidence. *1 Greenl. Ev, secs. 180, 191.*

Bowen, J.

The appellant, the administrator of the estate of M. T. Cooper, deceased, brought suit, before a justice of the peace, upon a mutilated promissory note, executed by T. B. Kent. This note bears date, January 1, 1862, but the amount of the note cannot be determined, on account of certain portions thereof being destroyed. At the trial before the justice of the peace, the appellant, Kent, moved to dismiss the cause, on the ground that the note, or demand sued on, was not the individual property of the plaintiff, which motion the court, after having heard the evidence, sustained and dismissed the suit. Whereupon the plaintiff appealed to the circuit court.

In the circuit court, the defendant, Kent, plead the general issue; also, plead specially that the note sued on was not the property of the plaintiff, as administrator of M. T. Cooper, de-

ceased, but the property of John Jackson, the surviving partner of the firm of John Jackson & Co., upon which pleas issue was joined.

The cause was submitted to the court, sitting as a jury, which gave judgment for the plaintiff in the sum of $96 debt, and $69 $\frac{84}{100}$ damages, with costs of suit. Defendant moved for a new trial, which was overruled, and the cause is here on appeal of the defendant.

The new trial was moved on the ground that the finding was not supported by the evidence; that the verdict and judgment are not supported by the law of the land, and that the statements of John Jackson were received as testimony, whereas, by the law of the land, it should have been excluded.

The record discloses that the note sued on, was executed to Halsey & Erwin, on the 1st of January, 1861, and was payable to them, or their order; that it was indorsed by them, in blank, and delivered, in payment for goods, to the firm of John Jackson & Co., of which firm Cooper was, in his life time, a partner, and was in Cooper's possession, who had charge of the books and papers; that the note was, with others, buried during the war, and was so defaced that the amount of it could not be determined, only the words, "dred and four and $\frac{93}{100}$ dollars," being discernable. The defendant, Kent, swears that the account with Halsey & Erwin, for which he gave the note, was $97, but presumes that, as the note seems to be for more than $100, there must have been some other transactions included in it, but what the additional amount was, he could not say. Halsey and Erwin both swear that the note was due one day after date; that it was indorsed in blank, and it appears from the note that it bore interest at the rate of ten per cent. per annum.

But was the note the property of the estate of Cooper, or that of John Jackson, surviving partner of the firm of John Jackson & Co., of which Cooper had been a member? The note, as before stated, was indorsed in blank, by Halsey & Erwin, to the firm of John Jackson & Co. Cooper died during

the war and this note, with other papers, were in the possession of his widow, and by her delivered to the administrator, Gray, as part of the estate. The record, however, further discloses that Cooper was the book-keeper, and had charge of the books, notes and accounts—also, that before the death of Cooper, the firm of John Jackson had quit business, as merchants, and were winding up their affairs—also, that at one time John Jackson, as surviving partner, received other claims from Gray, as administrator, but declined to take this note—that at other times he claimed it as firm property.

We will not, of course, express any opinion as to the weight of evidence; it being well settled that this court will not reverse the judgment of the court below on that ground. *Mayers v. State*, 2 *Eng.* 174; *Drennan v. Brown*, 5 *Eng.* 138; *Spratt v. Vaughan*, *Ib.* 474; *Hendry v. Sharp*, 13 *Ark.* 306; *Wass v. State*, 17 *Ark.* 327; *Ib.* 478; *McLure v. Hart*, 19 *Ark.* 119; *Mason v. Edgington*, 23 *Ark.* 208.

The note was indorsed in blank, and was transferable by delivery. The evidence conduces to show that it was among Cooper's papers, and it appears that Jackson declined to receive it from Gray, when offered. The court below must have found, on this evidence, that there was a transfer, and having so found, we are inclined not to interfere with the finding, but take it as true. We confess we do not understand exactly why or how the learned judge, sitting as a jury, found the sum of ninety-six dollars, principal, to be due—there being no plea of payment or set off, for, unless his payment was founded upon the note for one hundred and four dollars and ninety-three cents, filed with the justice, the whole matter was "*coram non judice*," and the suit should have been dismissed; but the judgment for ninety-six dollars, principal, being an error in favor of the defendant, he cannot complain. *Reeves v. Clarke*, 5 *Ark.* 27; *Pendleton v. Fowler*, 6 *Ark.* 41; *Latham v. Jones*, *Ib.* 371; *Everett v. Clements*, 9 *Ark.* 480; *Collins v. Woodruff*, *Ib.* 463; *Butler v. Wilson*, 10 *Ark.* 316.

10

It is insisted here that the suit should be dismissed for want of jurisdiction in the court below, because no cause of action was filed with the justice of the peace before the issuance of the summons; but the record recites as part of the transcript of the justice, before whom the suit was brought, that the plaintiff "filed before me, one note against T. Blake Kent, for one hundred and four dollars and ninety-three cents," etc., and the court is forced to take the record as true, the defendant not having taken proper steps in the court below to contest it.

It is also insisted that on the trial of the cause, evidence of the statements of John Jackson were received as testimony, when it should have been excluded. His statements being those of a third person, and not a party to the suit, were simply hearsay, and evidently not admissible. And it was the duty of the judge to disregard them, and, if requested, to declare that they were not admissible. The record does not show that the court paid any attention to these statements, nor that the judge was asked to declare that these statements were not admissible as evidence, and failed to do so, and this court is bound to presume that the decision of the court below was correct, wherever the record fails to clearly and affirmatively show that there was error. *Dyer v. Hatch, 1 Ark. 339.*

It appearing from the whole record that there is no error of which the defendant can complain, the judgment of the court below is affirmed.

[The appellant filed a motion for a re-hearing herein, upon which motion the following opinion was delivered.]

BENNETT, J.

This is a motion for a re-hearing of the case, made by the appellant, Kent. The facts will be found stated in the above opinion, when it was decided by this court, BOWEN, J. writing the opinion.

The motion for a re-hearing is based upon the words of the

opinion, as follows: "We confess we do not exactly understand why or how the learned judge, sitting as a jury, found the sum of ninety-six dollars principal, to be due, there being no plea of payment or set off; for, unless his judgment was founded upon the note for one hundred and four dollars and ninety-three cents, filed with the justice, the whole matter was *coram non judice,* and the suit should have been dismissed;" together with that part of the opinion of the court which relates to the fact as to whether the cause of action was filed with the justice of the peace before summons issued.

The attorney for appellant, Kent, insisting that, even if the note was filed before the justice of the peace, when the case came before the circuit court, it was a trial *de novo,* and the paper writing as attached to the transcript was not a note.

The general rule is, that a re-hearing will not be had, in any case, when substantial justice has been done between the parties, or when the party seeking a re-hearing has not been injured. When the real merits of the controversy has been reached, it would be unjust to reverse it for any merely technical cause. Courts should endeavor to do *substantial* rather than *technical* justice. They aim to take a broad, comprehensive and equitable view of the rights of the litigants, and to guide them to what is, on the whole, best for them, even though, strictly speaking, they may surrender a right.

In *3 Waterman and Graham on New Trials, 1356,* we find the following words: "Notwithstanding, then, a party may solicit the court to exercise its discretionary power in his behalf, under circumstances entitling him to judicial aid, it will not, as a matter of course, grant his petition; but will first inquire whether he would be benefited by such interference. A theoretical or abstract right, merely, will not avail. The time of judges, witnesses and juries, the delay of other important business, and the public as well as private expense, all forbid that courts should be occupied to no tangible purpose. It must see that good will result to the party seeking its aid, or, at least, may result if the prayer be granted."

In the case before us there can be no doubt but that the appellant, Kent, is owing the appellee, in amount, about one hundred dollars. The court below, which rendered the judgment, said it had jurisdiction in the case. This court has also held it had, and now a re-hearing is asked for, simply on the ground that the judgment was not for $104 $\frac{93}{100}$; it, consequently, could not have been under on the note. The judgment rendered was for $96, a difference of only $8 93. By what parity of reasoning the amount was arrived at, by the court, we may be unable to discern, yet the amount is so trifling, and it being in favor of the appellant, were we to grant a re-hearing on these grounds, we should be encouraging, rather than discouraging, petty strifes, which can in no sense be profitable. We think the record sufficiently clear, and explicit enough, to protect the appellant against any other suit that may be brought on the same cause of action. Whether the judgment should have been for a few dollars, more or less, substantial justice has been done.

But the counsel for appellants insists that he was so confident that the court below had erred in its judgment of the case, and was so certain that this judgment would be reversed, that he did not interpose an equitable defense to the claim, which he might have availed himself of. This, of course, cannot govern us here. If an attorney neglects to make a defense upon merits, and relies upon technicalities to gain his suit and protect his client's interest, it is a matter between those parties. The case appears before us on the record. What might have been done and what was done are two different propositions. The presumptions are always in favor of the record. It is upon this we are trying and determining the case at bar. We are unable to find such error, either in the proceedings of the court below, or the judgment of this court, as would warrant us granting a re-hearing in the case.

Motion for a re-hearing is denied with costs.